IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02119-BNB

DEVON S. WEINSTEIN,

     Applicant,

v.

UNITED STATES DISTRICT COURT, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

_____

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING
_____

     Applicant, Devon S. Weinstein, has filed *pro se* an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction

in Denver District Court case number 05CR793.  The court must construe the

application liberally because Mr. Weinstein is not represented by an attorney.  *See*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See*

*Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Weinstein will be ordered to

file an amended pleading if he wishes to pursue any claims in this action.

     The court has reviewed the application and finds that it is deficient.  First, the

United States District Court is not a proper Respondent in this action.  The court notes

that Mr. Weinstein has filed a document (ECF No. 7) asking that the People of the State

of Colorado be substituted as a Respondent for the United States District Court, but the

People of the State of Colorado also is not a proper Respondent.  The law is

well-established that the only proper respondent to a habeas corpus action is the

applicant's custodian.  *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).  It appears that Mr. Weinstein currently is incarcerated at the Denver Reception and Diagnostic Center.  Therefore, Mr. Weinstein should name as a Respondent the warden of that facility.  If Mr. Weinstein is transferred to a different prison, the warden of the new facility will be the proper Respondent.

The court also finds that the application is deficient because Mr. Weinstein fails to assert any claims for relief.  Therefore, Mr. Weinstein will be directed to file an amended pleading that identifies the specific federal constitutional claims he is asserting and that provides specific factual allegations in support of each asserted claim as required pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts.  Mr. Weinstein is advised that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that Mr. Weinstein file an amended application that complies with this order **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Mr. Weinstein shall obtain the court-approved

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Weinstein fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED September 10, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

3