IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02119-BNB

DEVON S. WEINSTEIN,

    Applicant,

v.

DONNA ZAVISION, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Devon S. Weinstein, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Denver Reception and Diagnostic Center in Denver, Colorado. Mr. Weinstein initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). On October 9, 2012, Mr. Weinstein filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 10). Mr. Weinstein alleges in the amended application that he is challenging the validity of his conviction in Denver District Court case number 05CR793.

    On October 10, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise those defenses in this action. On November 26, 2012, Respondents filed a Pre-Answer Response (ECF No. 17).

Respondents do not argue that Mr. Weinstein's claims are untimely or unexhausted. However, Respondents contend that the application must be dismissed for lack of jurisdiction because Mr. Weinstein is not in custody for the purposes of the conviction he is challenging. On January 15, 2013, Magistrate Judge Boland entered a minute order directing Mr. Weinstein to file a reply, if any, that addresses Respondents' jurisdiction argument. Mr. Weinstein has not filed a reply.

The Court must construe the amended application liberally because Mr. Weinstein is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. Weinstein was convicted by a jury in Denver District Court case number 05CR793 of second degree burglary and felony menacing. On November 21, 2006, Mr. Weinstein was sentenced to 180 days in jail and five years probation. (*See* ECF No. 17-1 at 6.) The judgment of conviction was affirmed on direct appeal. *See Weinstein v. People*, 255 P.3d 1057 (Colo. 2011). The state court docketing records submitted by Respondents indicate that Mr. Weinstein had satisfied the jail sentence by February 14, 2008, and that his probation sentence was terminated on April 1, 2008. (*See* ECF No. 17-1 at 5.)

On October 11, 2011, Mr. Weinstein filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* ECF No. 17-1 at 5.) On May 1, 2012, the trial court denied the postconviction Rule 35(c) motion. (*See id.* at 4.) Mr. Weinstein asserts that he did not appeal the denial of his

postconviction motion.

According to Respondents, Mr. Weinstein currently is incarcerated as the result of a conviction in a 2005 Arapahoe County District Court case, case number 05CR3789, and Respondents have attached to the Pre-Answer Response a copy of the state court docketing records for Arapahoe County District Court case number 05CR3789. Those records confirm that Mr. Weinstein was convicted in Arapahoe County District Court case number 05CR3789 pursuant to a guilty plea to two counts of child abuse resulting in serious bodily injury. (*See* ECF No. 17-2 at 2-3, 12.) Mr. Weinstein originally was sentenced in Arapahoe County District Court case number 05CR3789 on March 14, 2008, to concurrent terms of twenty-one years in prison on each count. On November 11, 2011, the sentences were reduced to concurrent terms of fourteen years in prison. (*See id.* at 8, 12.) Respondents assert that "[i]t is also possible that Applicant's sentence in [the Arapahoe County] case was enhanced based on the fact that he was charged with a felony for which he later was convicted in the case challenged in the application." (ECF No. 17 at 7.)

Mr. Weinstein filed the instant action on August 10, 2012. In the amended application filed on October 9, 2012, he asserts the following six claims for relief: (1) the trial court erred by denying his motion to dismiss the burglary charge; (2) the trial court erred in instructing the jury regarding the affirmative defense related to bondsmen; (3) the trial court erred by rejecting jury instructions he tendered; (4) the trial court provided an erroneous response to a juror question during deliberations; (5) the trial court erred by denying his motion to be tried separately from his co-defendant; and (6) the trial court erred by denying his motion to strike an improper statement made by the

prosecution during closing arguments.

As noted above, Respondents assert in their Pre-Answer Response that the instant action must be dismissed for lack of jurisdiction because Mr. Weinstein is not in custody for the purposes of his conviction in Denver District Court case number 05CR793. The Court agrees.

The Court has jurisdiction to entertain an application for habeas relief pursuant to 28 U.S.C. § 2254 only from an applicant who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Furthermore, the custody requirement is jurisdictional. *See McCormick v. Kline*, 572 F.3d 841, 848 (10th Cir. 2009). Thus, a prisoner seeking habeas corpus relief must be in custody pursuant to the conviction or sentence under attack at the time the habeas corpus application is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Finally, it is Mr. Weinstein's burden to establish that the custody requirement is satisfied. *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (stating that defendant filing motion under 28 U.S.C. § 2255 bears the burden of demonstrating jurisdiction by affirmatively alleging he is in custody).

Mr. Weinstein specifically alleges in the amended application that he is challenging the validity of his conviction in Denver District Court case number 05CR793. (*See* ECF No. 10 at 1-2.) However, the record before the Court demonstrates, and Mr. Weinstein does not dispute, that he completed the sentence imposed in 05CR793 prior to filing the instant action. Therefore, the Court finds that Mr. Weinstein no longer is in

custody with respect to that conviction and may not challenge it directly.  Even assuming Mr. Weinstein's conviction in Denver District Court case number 05CR793 was used to enhance the prison sentence imposed in the Arapahoe County case that Mr. Weinstein currently is serving, that fact alone is not sufficient to demonstrate that Mr. Weinstein is in custody with respect to Denver District Court case number 05CR793.  *See Maleng*, 490 U.S. at 491 ("In this case, the Court of Appeals held that a habeas petitioner may be 'in custody' under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction.  We think that this interpretation stretches the language 'in custody' too far."); *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001).

      The Court recognizes that Mr. Weinstein could satisfy the "in custody" requirement if the sentence he currently is serving in connection with his Arapahoe County conviction was enhanced as a result of his conviction in Denver District Court case number 05CR793 and if the amended application could be construed as challenging the validity of the Arapahoe County conviction.  *See Lackawanna*, 532 U.S. at 401-02.  However, assuming again that Mr. Weinstein's conviction in Denver District Court case number 05CR793 was used to enhance the prison sentence imposed in the Arapahoe County case, there is no indication in the amended application that Mr. Weinstein is challenging the validity of his conviction or sentence in the Arapahoe County case.  In fact, Mr. Weinstein fails to mention the Arapahoe County case anywhere in the amended application.  Therefore, because there is no indication that Mr. Weinstein is challenging anything other than his conviction in Denver District Court

case number 05CR793 in this action, the Court will not construe the amended application as challenging Mr. Weinstein's conviction or sentence in the Arapahoe County case. As a result, the action must be dismissed because Mr. Weinstein fails to demonstrate he is in custody for the purposes of the Denver District Court conviction under attack.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) and the amended habeas corpus application (ECF No. 19) are denied and the action is dismissed for lack of jurisdiction because Applicant is not in custody for the purposes of the conviction under attack. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  14th  day of     February    , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court